**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**JAMES L. LIGHT,**

               **Petitioner,**

    **v.**                                      **CIVIL ACTION NO. 1:10cv165**
                                                      **(Judge Keeley)**


**TERRY O'BRIEN,**
**Warden, U.S.P. Hazelton,**

               **Respondent.**


## REPORT AND RECOMMENDATION

### I.  BACKGROUND

On September 27, 2010, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction imposed in the United States District Court for the Middle District of Florida. On November 1, 2010, the petitioner paid the required filing fee. On November 2, 2010, an Order was entered directing the respondent to show cause why the petition should not be granted. On December 22, 2010, the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. A <u>Roseboro</u> Notice was issued on December 23, 2010. To date, the petitioner has made no reply.[1]

### II.  FACTS

---

[1] The petitioner has filed three Motions for Summary Judgment, two Motions or Requests for Default , and a Motion for Judgment as a Matter of Law. None of these can be considered a direct response to the <u>Roseboro</u> Notice, and for reasons more fully discussed in the body of this Report, the same are due to be dismissed with prejudice.

On August 11, 2005, a sealed indictment was returned against the petitioner in open court in the United States District Court for the Middle District of Florida, charging him with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c). (Doc. 24-1). The Indictment was unsealed, and the petitioner was arrested on December 29, 2005. (Doc. 24-2, p. 3). On February 9, 2006, a superseding Indictment was returned by the Federal Grand Jury in the Middle District of Florida, charging him with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). (Doc. 24-3).

On May 16, 2006, the petitioner was convicted on Count One of the superseding Indictment and sentenced to incarceration of 262 months and 48 months of supervised release. (Doc. 24-4, p.3). The petitioner's projected release date, via Good Conduct Time, is May 13, 2025. (Doc. 24-4, p. 4).

Thereafter, the petitioner filed a timely notice of appeal. On appeal, the petitioner argued that the District Court erred in finding that he knowingly and intelligently waived his Sixth Amendment right to counsel. He further argued that there existed insufficient evidence to support his conviction. The Eleventh Circuit Court of Appeals affirmed his conviction in 2007. (Doc. 24-5).

The petitioner has not filed a habeas petition pursuant to 28 U.S.C. § 2255. (Doc. 25-2). The petitioner now attacks the validity of his conviction via a § 2241 petition in which he alleges that the superseding Indictment returned against him was invalid. In addition, he challenges his career offender status. For relief, he asks that the Court deem the "true Bills Indictment that the Respondent is using to hold [him] incarcerated, 'void'". (Doc. 1-6, p. 7). In addition, he asks that his prior conviction in the Florida State Court be deemed void and unconstitutional and requests immediate release from incarceration.

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme

Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any

permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 1986).    **IV. <u>ANALYSIS</u>**

**A. <u>Plaintiff's Motions for Default Judgment and for Summary Judgment</u>**

In support of his pending Motions for Summary Judgment and Default Judgment, the petitioner relies on 28 U.S.C. § 2243, which provides as follows:

> A court, justice or judge entertaining an application for w rit of habeas Corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The petitioner notes that in this case, the Court has not shown or even mentioned a good cause for additional time,[2] and that he is entitled to judgment as a matter of law because the "undisputed facts of this case show that he is being held unconstitutionally by an illegitiment [sic] indictment and a [sic] unconstitutional conviction obtained in the state court." (Doc. 14, p. 2).

Initially, it should be noted that the time frames as set forth in § 2243 were adopted at a time when the Courts were not inundated with the number of habeas petitions as are currently filed by prisoners. Therefore, the Court recognized in its Show Cause Order of November 2, 2010, the impracticality (if not the impossibility) of requiring the respondent to respond to this habeas petition in twenty days, let alone three days. In addition, this recognition was born out by the respondent's need to request an additional twenty-nine days to respond in his Motion filed on November 24, 2010.

---

[2]The Order to Show Cause provided the responded with twenty-eight days to show cause why the writ should not be granted. (Doc. 12).

(Doc. 16).

Moreover, 28 U.S.C. § 2072[3] effectively nullifies the government's response time for habeas corpus proceedings as set forth in § 2243. This is evidenced by the fact that the Rules Governing Section 2254 Proceedings (promulgated in 1976) conflict with § 2243. In particular, Rule 4 states that "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Based on the 1976 Advisory Committee Notes, it is clear that Rule 4 was promulgated with the intention of giving the Court more discretion and flexibility in ordering a response than previously allowed under § 2243. When confronted with the issue of whether Rule 4 applies to § 2241 petitions as well, the United States District Court for the Southern District of West Virginia answered in the affirmative. See Wyant v. Edwards, 952 F.Supp. 348 (S.D.W.Va. 1997). Accordingly, it is the undersigned's conclusion that there was nothing inherently erroneous in the original show cause order allowing the respondent twenty-eight days in which to respond, nor in the order granting the respondent's request for addition time, and the petitioner has no basis for an order of default or a grant of summary judgment.[4]

**B. The Respondent's Motion to Dismiss or for Summary Judgment**

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 338, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which

---

[3]28 U.S.C. § 2072 is recognized as the enabling statute for the promulgation of rules.

[4]Furthermore, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the Court." See Rule 54 of the Federal Rules of Civil Procedure. Here, there is no evidence that establishes the petitioner's right to relief. Quite the contrary, as is set forth more fully in the body of ths Report, the petition is without basis, and is due to be dismissed.

a federal prisoner may collaterally attack the legality of his conviction or sentence.  See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).  Here, the petitioner is challenging the legality of his sentence, but is time barred from raising the claim in a § 2255 petition.[5]

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause."  See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255.  The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  It is well established that "in order to establish a remedy is 'inadequate or ineffective' under

---

[5]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. §2255.

The limitation period shall run from the last of:

1.     The date on which the judgment of conviction becomes final;

b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  Here, the petitioner's conviction became final when the time for filing a certiorai petition expired, which was ninety days after entry of judgment on direct appeal.  See Clay v. United States, 537 U.S. 522, 532 (2003).  Accordingly, the petitioner's conviction became final on, or about July 3, 2007.  Therefore, he had until July 5, 2008, to file a § 2255 petition.

§ 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crime for which the petitioner was convicted remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

(1) the petitioner's Motions for Summary Judgment (Docs. 14, 17, & 21) , Motion for Judgment as a Matter of Law (Doc. 32), and Motions for Default (Docs. 20 & 29) be **DENIED**;

(2) the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

(Doc. 23) be **GRANTED**;

(3) the petitioner's §2241 petition (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE**; and

(4) the petitioner's miscellaneous Motions (Docs. 7, 27, 30 & 31) be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: 2-14-2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE